UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

LOLA INGRAM,

Plaintiff,

-against-

STEVEN BANKS, AS COMMISSIONER OF THE NEW
YORK       CITY       HUMAN       RESOURCES
ADMINISTRATION, DEPARTMENT  OF  SOCIAL
SERVICES, and FELICIA ELLIS,

Defendants.

-------------------------------------------------------------------------- x

**STIPULATION AND
PROTECTIVE ORDER**

19-cv-10246 (JGK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/2020

**WHEREAS**, the parties to this action have sought certain documents and/or

information from each other in discovery in this action, documents which the parties deem to be

confidential; and

**WHEREAS**, the parties object to the production of those documents unless

appropriate protection for the confidentiality of the information contained therein is assured; and

**WHEREAS**, an order entered pursuant to Federal Rule of Evidence 502(d) and

the Court's inherent Authority will allow the parties in this action to conduct and respond to

discovery expeditiously, without fear that disclosure of privileged or protected information will

waive such privilege or protection in this or any other proceeding,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by

and between the parties, as follows:

1.      As used herein, "Confidential Materials" shall mean all documents,

testimony and information concerning:

> a.      personnel or former personnel employed by the City of New York,
> or any of its agencies, including, but not limited to personal
> information such as home addresses, telephone numbers, social

security numbers, taxpayer identification numbers and personnel files including all information concerning salary, promotions, discipline and evaluations;

b. Equal Employment Opportunity related materials, including, but not limited to, complaints, gender and/or race self-identification information, Equal Employment Opportunity Office files and the information contained in those files;

c. intra- and inter-agency communications and other similar confidential information of the City of New York;

g. any information of a personal or intimate nature;

h. any documents that the parties agree are subject to this stipulation;

i. any documents that are designated on the face thereof as "Confidential";

j. any documents that the Court directs to be produced subject to this protective order; and,

k. any testimony or discovery response which reveals the contents of materials produced subject to this order.

Nothing in the definition of "Confidential Materials" shall be implied, construed or deemed to require disclosure of any particular information by the parties.

2. Documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by a party from sources other than the party producing the Confidential Materials (the "Producing Party"); or (b) are otherwise publicly available.

3. Neither the party receiving the Confidential Materials (the "Receiving Party") nor the Receiving Party's attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of the party's case in this action.

4. Neither the Receiving Party nor the Receiving Party's attorneys shall disclose the Confidential Materials to any person except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of the party's case in this action;

b. Disclosure before trial may be made to the party, an expert or consultant who has been retained or specially employed by the party's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition or any individual who has been identified as a potential trial witness, or to the Court; *or Court personnel.*

5. Before any disclosure is made to a person listed in subparagraph (b) above *Court personnel,* (other than the Court or a party to this action), Receiving Party shall provide each such person with a copy of this Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by Receiving Party's attorneys and a copy shall be furnished to Producing Party's attorneys at the conclusion of this action.

6. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and each page of the transcript of such testimony, together with any exhibits referred to therein, shall be prominently marked as "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

7. Where a Receiving Party wishes to include any documents containing Confidential Materials or which reveal the contents thereof in any Court filing, they must contact Producing Party at least 5 business days in advance of such filing, and request the filing of redacted documents pursuant to Judge Koeltl's Individual Practices and Rules. Alternatively, the Producing Party may waive the confidential designation, at which point the Receiving Party, if they desire, may request the filing of redacted documents pursuant to Judge Koeltl's Individual Rules of Practices in Civil Cases.

- 3 -

8.      This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that has been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the action has been resolved, including all appeals, the Confidential Material, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose. Nothing in this Order shall be construed to limit the Producing Party's use of the Confidential Materials in any manner.

9. This Protective Order shall apply to all Confidential Materials exchanged between the parties without regard to when the Confidential Material was produced.

Inadvertent Production

10. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law as well as any non-party personally identifying information (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that information in this action.

11. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state on a privilege log the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document) and the basis for the claim of privilege or protection.

- 4 -

12.     Upon receiving a Clawback Demand, the Receiving Party shall within five (5) business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it. The Receiving Party shall provide written assurance of these actions within five (5) days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains protected material only in part, then the Producing Party shall, within five (5) business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

13.     If the Receiving Party identifies a document or record produced by the Producing Party that appears to be Protected Material it shall immediately notify the Producing Party of the existence of the document, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.

14.     If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five (5) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand, (or, in the case of redacted documents, compelling that the redactions be removed). The motion shall not assert as a ground for production the fact that such documents or information was previously produced, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privileged log, or any portion of the document that the parties agree is not Protected Material).

- 5 -

15.   The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand. Disclosure of Protected Material before a Receiving Party receives a Clawback Demand shall not be a violation of this Order.

16.   The Producing Party shall not, by reason of producing Protected Material, move to disqualify counsel for any Receiving Party whether or not the Receiving Party contests the Producing Party's claim that it is Protected Material.

17.   This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties. Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

18.   Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

19.   A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

20.   The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

21.   Within 5 business days of the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, all copies of any confidential documents,

- 6 -

or documents containing confidential information, shall be returned to the attorney for Defendants and all work product documents containing confidential information shall be destroyed.    Counsel for Plaintiff shall then confirm in writing to defense counsel that the confidential information has been returned or destroyed as required by the forgoing sentence.

22.    Nothing in this Stipulation and Protective Order shall limit the Parties'

own use of its Confidential Materials.

Dated:    New York, New York
          October **30**, 2020

**LAW OFFICES OF LLOYD SOMER**
*Attorney for Plaintiff Lola Ingram*
330 Seventh Avenue, 15th Floor
New York, NY 10001
(212) 629-7001

Lloyd Somer, Esq.

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
*Attorney for Defendant*
100 Church Street, Room 2-107
New York, New York 10007
(212) 356-3177
cturpin@law.nyc.gov

/s
Christopher Turpin
Assistant Corporation Counsel

**SO ORDERED:**

11/6/20
Date

6 11 oelit
U.S.D.J.

This Order is not binding on the
Court or Court personnel. The
Court reserves the right to amend it
at any time.        So ordered.

-7-
11/6/20
                                                    d. S. D. J.

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the So-Ordered Stipulation and Confidentiality Order entered in the United States District Court for the Southern District of New York, on _____, 2020 in the action entitled *Lola Ingram v. Steven Banks, as Commissioner of the New York City Human Resources Administration, Department of Social Services, and Felicia Ellis*, 19 Civ. 10246 (JGK), or has been advised of its provisions or contents and understands the terms thereof.

I agree not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

I understand that it is my responsibility to ensure that, and I hereby agree to ensure that, all Confidential Materials that I have contact with, as well as all copies notes, and summaries, and other materials containing or referring to Confidential Materials or the information contained in the Confidential Materials, including but not limited to all copies, noted, and summaries that are or were maintained in any form, including but not limited to any computer hard drive, diskette, CD-ROM, or other electronic storage device must be either destroyed or returned at the conclusion of this matter.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation