```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————
LOLA INGRAM,
                        Plaintiff,
                                            19-cv-10246 (JGK)
        - against –
                                            MEMORANDUM OPINION AND
COMMISSIONER STEVEN BANKS AND FELICIA       ORDER
ELLIS,
                        Defendants.
————————————————————————————————
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Lola Ingram, brought this action against Steven Banks, Commissioner of the New York City Human Resources Administration, Department of Social Services (the "HRA") and Felicia Ellis, a supervisor at the HRA, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. (the "NYCHRL"). The plaintiff alleges that she was discriminated against while employed at the HRA because of her disability — specifically, her post-traumatic stress disorder — and her veteran status.

The defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the defendants' motion is **granted in part and denied in part.**

I.

The standard for granting summary judgment is well established. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

1

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the materials in the record that "it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).[1] At the summary judgment stage, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## II.

### A.

The plaintiff brings claims pursuant to the ADA. But, as the defendants note, it is well settled that the ADA does not provide for individual liability. Viruet v. City of N.Y., No. 16-cv-8327, 2019 WL 1979325, at *13 (S.D.N.Y. May 3, 2019) ("Individuals cannot be named as defendants in ADA suits in either their official or representative capacities."); see also

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

Stryker v. HSBC Sec. (USA), No. 16-cv-9424, 2020 WL 5127461, at *16 n.5 (S.D.N.Y. Aug. 31, 2020) (collecting cases). Therefore, the plaintiff's ADA claims against the defendants, who are both individuals, must be dismissed.

The plaintiff argues that the doctrine of judicial estoppel prevents the defendants from seeking dismissal of the plaintiff's ADA claims on the ground that the Complaint only names individual defendants. Because the defendants' Answer was filed on behalf of the New York City Department of Education in addition to Banks and Ellis, see ECF No. 16, at 1, and repeatedly referred to the HRA as a defendant, id. ¶¶ 3, 33, the plaintiff is correct that the defendants' current argument is inconsistent with their position earlier in the litigation which appeared to assume that some city agency was a defendant. However, the doctrine of judicial estopped – while flexible – "applies only in situations where a party both takes a position that is inconsistent with one taken in a prior proceeding, and has had that earlier position adopted by the tribunal to which it was advanced." Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber, 407 F.3d 34, 45 (2d Cir. 2005). In this case, although the defendants' Answer indicated that the Corporation Counsel represented entities and individuals in this litigation,

3

the Court never adopted that position. Accordingly, the doctrine of judicial estoppel does not apply to this case.

Therefore, because the plaintiff sued only individual defendants, and individual defendants cannot be sued under the ADA, there is no federal cause of action asserted.

**B.**

The defendants seek dismissal of the plaintiff's Complaint with prejudice. However, Federal Rule of Civil Procedure 15(a)(2) provides that "The court should freely give leave" for a plaintiff to amend her pleading "when justice so requires." In this case, the interests of justice would be furthered by granting the plaintiff leave to amend: the plaintiff's potentially meritorious ADA claims should not fail only because the plaintiff failed to name the proper defendant, and the plaintiff's failure to name the proper defendant appears to be due in part to misleading references to non-individual defendants in the Answer – references that are referred to generously as "typos" by defense counsel in reply, ECF No. 67, at 2.[2]

---

[2] If the plaintiff seeks to pursue her ADA claims, then the plaintiff should name the City of New York as a defendant. The plaintiff's claims arise out of her employment with the HRA, and agencies of the City of New York generally are not suable entities. See N.Y.C. Charter § 396; Morrison v. Dep't of Corrections, No. 13-cv-2471, 2014 WL 700477, at *2 (S.D.N.Y. Feb. 24, 2014). If the plaintiff prefers not to sue the City of New York (or any other appropriate, suable entity), then the plaintiff's ADA claims will fail as a matter of law and the only potential source of federal court jurisdiction would be supplemental jurisdiction.

4

The defendants argue that, even if the plaintiff amended the Complaint to add the City of New York as a defendant, any claims against the City would be barred by the statutes of limitations applicable to ADA and NYCHRL claims. But a claim in an amended pleading may be timely despite the expiration of the statute of limitations if it "relates back" to a timely filed original pleading. Federal Rule of Civil Procedure 15(c)(1) provides the federal standard for relation back, and Rule 15(c)(1)(A) provides for relation back where "the law that provides the applicable statute of limitations allows relation back." Because the parties have not yet briefed this issue, the Court cannot decide as a matter of law at this stage whether any claims against the City in an amended complaint would be barred by the applicable statute of limitations.

Accordingly, the defendants' motion for summary judgment is **granted** to the extent it seeks dismissal of the plaintiff's ADA claims, but that dismissal is **without prejudice** to the ability of the plaintiff to file an amended complaint adding one or more non-individual defendants to the ADA claims.

### C.

The plaintiff also brings claims pursuant to the NYCHRL. In general, where the plaintiff's federal claims are dismissed before trial, the plaintiff's nonfederal claims should be dismissed as well. See Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d

5

Cir. 1998). However, the parties did not brief whether the Court should exercise supplemental jurisdiction over the plaintiff's nonfederal claims, and the court of appeals has cautioned that district courts should afford parties "notice and an opportunity to be heard" prior to undertaking a supplemental jurisdiction inquiry. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 82-83 (2d Cir. 2018). Accordingly, because the plaintiff's ADA claims may be dismissed before trial, the parties will need to brief the issue of whether the Court should exercise supplemental jurisdiction over the plaintiff's NYCHRL claims.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendants' motion for summary judgment is **granted in part and denied in part**. The plaintiff's claims pursuant to the ADA are **dismissed without prejudice**. By July 25, 2022, the plaintiff should notify the Court whether the plaintiff intends to file an amended complaint.

This case is **stayed** pending submission of the plaintiff's letter. The Clerk is directed to close Docket No. 43.

**SO ORDERED.**

Dated:  New York, New York
        July 12, 2022

                                    _____
                                         John G. Koeltl
                                    United States District Judge